IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | |
| VINCENT WENDOWSKI, ) | |
| ) | |
| Debtor ) | CASE NO. 20-11964-MDC |
| ) | |
| CAPITAL ONE AUTO FINANCE, ) | |
| A DIVISION OF CAPITAL ONE, N.A. ) | |
| ) | **HEARING DATE**: |
| Movant ) | Tuesday, February 16, 2021 |
| ) | 10:30 a.m. |
| vs. ) | |
| ) | **LOCATION**: |
| VINCENT WENDOWSKI, Debtor ) | U.S. Bankruptcy Court |
| ROBERTA D. SMITH, Codebtor, ) | Eastern District of Pennsylvania |
| Respondents ) | Courtroom # 2 |
| and ) | 900 Market Street |
| WILLIAM C. MILLER ) | Philadelphia, PA 19107 |
| Trustee ) | |

## STIPULATION

COME NOW, this ____ day of _____, 2021, *Vincent Wendowksi, debtor and Roberta D. Smith, codebtor*, through Debtor's attorney, *Brad J. Sadek, Esquire*, and Capital One Auto Finance, a division of Capital One, N.A. ("COAF") by and through its attorneys, Mester & Schwartz, P.C., hereby stipulate the following terms of settlement of the Motion for Relief from the Automatic Stay and Codebtor Stay:

WHEREAS the Debtor owns a 2010 HONDA CR-V – 4 Cyl. Utility 4D LX 4WD, V.I.N. 5J6RE4H38AL080043 ("vehicle"); and

WHEREAS COAF files a Motion for Relief from the Automatic Stay and Codebtor Stay ("Motion") with respect to missed post-petition payments; and

WHEREAS the Debtor has filed a Response to the Motion; and

WHEREAS the Debtor and COAF seek to resolve the Motion; it is hereby stipulated and agreed that:

1. The delinquency is $1,742.60 in post-petition arrears and $521.30 in pre-petition arrears plus $313.00 in attorney's fees and costs as of February 11, 2021.

2. The Debtor shall file an amended Chapter 13 plan providing payment of the remaining arrears, totaling $2,576.90 within 10 days of the entry of this Stipulation.

3. Thereafter, the Debtor shall remain current with regular monthly payments paid directly to the Movant starting with the regular monthly payment of $274.26 due on February 15, 2021, and all such future payments due on the 4th of each month thereafter.

4. If Debtor shall fail to have a plan conforming to this Stipulation or the Debtor fails make to ongoing regular monthly payments and Debtor fails to cure said default within fifteen (15) days after notice by COAF (or its counsel) of said default, counsel for COAF may file a Certification of Default with the Court setting forth Debtor's default and COAF shall be granted relief from the automatic stay provisions of Sections 362 and 1301 of the Bankruptcy Code (11 U.S.C. § 362 and 1301), and COAF is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law without regard to any future conversion of this matter to a different form of bankruptcy. The Debtor shall be allowed to default and cure such default under this Stipulation one (1) time. Should the Debtor defaults a second (2nd) time, notice of the default will be served, but the Debtor will not be granted an opportunity to cure the default and COAF may file a Certification of Default.

5. In the event Debtor converts to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtor shall pay all pre-petition arrears and post-petition arrears due and owing within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtor fails to make payment in accordance with this paragraph, then COAF, through counsel, may file a Certification of Default setting forth said failure and COAF

shall be granted relief from the automatic stay provisions of Sections 362 and 1301 of the Bankruptcy Code (11 U.S.C. § 362 and 1301) and COAF is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

6. The failure by COAF, at any time, to issue a Notice of Default or file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of COAF's rights hereunder.

7. This Stipulation is a supplement and in addition to the Contract between the parties and not in lieu thereof.

8. Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

BY THE COURT:

_____
Magdeline D. Coleman
U.S. BANKRUPTCY JUDGE

Pre-Petition Arrears:     $ 521.30
Post-Petition Arrears:    $ 1,742.60
Counsel Fees:             $ 313.00
*Total:*                  *$2,576.90*

**Capital One Auto Finance,
a division of Capital One, N.A.**
By Counsel: Mester & Schwartz, P.C.

By: _____
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130
(267) 909-9036

DATED: 2/15/21

Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

**Debtor: Vincent Wendowksi**
By Counsel for Debtor: Brad J. Sadek, Esquire

By: /s/ Brad J. Sadek
Brad J. Sadek, Esquire
Sadek and Cooper
1315 Walnut Street
Suite 502
Philadelphia, PA 19107
(215) 545-0008

DATED:

**Chapter 13 Trustee**

No Objection - Without Prejudice to Any Trustee Rights or Remedies

By: /s/ LeeAne O. Huggins    February 22, 2021
William C. Miller, Trustee
P.O. Box 1229
Philadelphia, PA 19105
(215) 627-1377

Please send copies to:

Vincent Wendowksi
1030 Chestnut Street
Trainer, PA 19061

Roberta D. Smith
7158 Lawnsdale Ave.
Philadelphia, PA 19111

Brad J. Sadek, Esquire
Sadek and Cooper
1315 Walnut Street
Suite 502
Philadelphia, PA 19107

William C. Miller, Trustee
P.O. Box 1229
Philadelphia, PA 19105

Office of the U.S. Trustee
200 Chestnut Street, Suite 502
Philadelphia, PA 19106

Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130